UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SEVEN FOR ALL MANKIND, LLC,

    Plaintiff,

v.

SMARTBARGAINS, INC. and
SMARTBARGAINS.COM, LP,

    Defendants.

05 11175 RWZ

Civil Action No.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

MAGISTRATE JUDGE_____

**COMPLAINT**

As and for its Complaint against Defendants SmartBargains, Inc. and SmartBargains.com, LP (collectively "SmartBargains"), Plaintiff Seven For All Mankind, LLC alleges as follows:

1.    Plaintiff is a manufacturer and seller of clothing apparel, including jeans. Plaintiff offers its jeans for sale throughout the United States, including in Massachusetts, under the SEVEN FOR ALL MANKIND and 7 FOR ALL MANKIND trademarks (hereinafter jointly referred to as the SEVEN trademarks). Those trademarks are registered upon the Principal Register of the United States Patent and Trademark Office, and Plaintiff is the assignee of those registrations.

2.    The jeans that Plaintiff sells under its SEVEN trademarks are of exceptional quality and fit, and are recognized as such by consumers in the United States marketplace. Those jeans have become phenomenally successful in the United States market, and consequently are sought out by consumers. As a result of this success, and due also to the arbitrary nature of Plaintiff's SEVEN marks, those marks have become an asset of great value as

embodying substantial good will insofar as they serve to indicate the source of the goods bearing those marks.

3. Plaintiff's marks are typically referred to in the United States marketplace, including by the media that covers that marketplace, in an abbreviated format, as SEVEN. Consequently, the word SEVEN, when used in conjunction with jeans, has become a common, shorthand way of referring to Plaintiff's SEVEN marks, thus indicating that the jeans being referred to as SEVEN jeans are manufactured by Plaintiff. References to SEVEN jeans are so understood by ordinary consumers in the United States marketplace.

4. For example, the following are direct quotes from an April 3, 2002 *Wall Street Journal* story, about jeans manufactured and sold by Plaintiff:

- "'Seven for all Mankind' jeans – simply known as Seven – are manufactured . . . just on the edge of the Los Angeles garment district."
- "Seven jeans have become the star in a new niche of expensive denims . . . that are tight-fitting and low-slung."
- Barneys "sold more than 13,000 pairs of Seven jeans between July [2001] and January [2002]."

Teri Agins, *Denim's Lucky 'Seven': How $100-Plus Jeans Became A Must-Have Fashion Fad; Fixing 'The Gap' Problem,* Wall St. J., Apr. 3, 2002, at B1. This article, a copy of which is attached as Exhibit A, is but one example of how SEVEN is used in the marketplace in connection with jeans to indicate that the origin of the jeans being so referred to is Plaintiff.

5. Given the phenomenal popularity of Plaintiff's SEVEN jeans, it was inevitable that attempts would be made by disreputable garment manufacturers to confuse consumers and unlawfully capitalize on the reputation of Seven jeans. Gerard Guez, the Chairman of the Board

of Tarrant Apparel Group ("Tarrrant"), is one such garment manufacturer. After Plaintiff's SEVEN jeans became famous, he set up a company (separate from Tarrant) misleadingly named Seven Licensing Company, LLC ("SLC"). He acquired what he claimed to be rights to a "Seven7" mark from someone in France in June 2002 (long after Plaintiff's first use of its SEVEN trademarks in the United States). SLC then began selling jeans under the "Seven7" putative trademark in the United States, attempting to trade on the success of authentic SEVEN jeans manufactured by Plaintiff. The original retailer selling jeans manufactured by SLC under the "Seven7" putative mark posted a prominent disclaimer of any affiliation between those goods and Plaintiff, and ultimately stopped selling jeans under the "Seven7" putative mark.

6.  SmartBargains, an online bargain retailer, is now selling jeans manufactured by SLC. These jeans are offered for sale by SmartBargains over the internet, and thus are marketed in the Commonwealth of Massachusetts and throughout the United States. On its web site offering these jeans for sale, SmartBargains identifies this item of apparel as SEVEN jeans. Attached hereto as Exhibit B is a copy of an excerpt of the SmartBargains web site as of June 2, 2005, depicting its use of references to SEVEN jeans.

7.  The jeans sold by SmartBargains as SEVEN jeans are not manufactured by, and have nothing whatsoever to do with, Plaintiff. Authentic SEVEN jeans manufactured by Plaintiff sell for well over $100. SmartBargains sells the jeans that it is referring to as SEVEN jeans for less than $100. SmartBargains' fraudulent scheme is designed to trick consumers into believing that they are getting a "smart bargain" by purchasing authentic SEVEN jeans at prices well below market when, in fact, they are not purchasing authentic SEVEN jeans, but instead are being victimized by deceptive marketing.

8. SmartBargains' deceptive intent is confirmed by the absence of any disclaimer warning consumers that the jeans it is offering for sale as SEVEN jeans do not originate from Plaintiff, and are not associated in any way with Plaintiff's famous SEVEN jeans.

9. Consumers who shop at SmartBargains' web site should not be subjected to SmartBargains's deceptive and unlawful practices. Plaintiff should not have to suffer the harm to its reputation and goodwill that will be caused if SmartBargains is permitted to continue to pass off the jeans it is selling as Plaintiff's high-quality SEVEN jeans.

## THE PARTIES

10. Plaintiff Seven For All Mankind, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business in Vernon, California.

11. Defendant SmartBargains, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts.

12. Defendant SmartBargains.com, LP is a wholly owned subsidiary of SmartBargains, Inc. and is a limited partnership duly organized and existing under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

13. This is a civil action for false designation of origin and false advertising pursuant to 15 U.S.C. § 1125, for unfair competition under Massachusetts common law, and for unfair and deceptive acts and practices pursuant to Mass. Gen. Laws c. 93A.

14. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because SmartBargains resides in this district and a substantial part of the events giving rise to the causes of action occurred in this district.

### Count I

**False Designation of Origin In Violation of 15 U.S.C. § 1125(a)(1)(A)**

16. Plaintiff realleges and incorporates by reference the matters alleged in paragraphs 1 through 15 of this Complaint.

17. SmartBargains' use of SEVEN as hereinabove alleged constitutes the use of a "word, term, . . . symbol . . . [or] false designation of origin. . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to . . . the origin, sponsorship, or approval of [its] goods . . ." in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

18. Upon information and belief, SmartBargains deliberately and willfully describes the jeans that it offers for sale as SEVEN jeans in an attempt to confuse consumers as to the source of those goods and to thus trade on the goodwill and reputation of Plaintiff.

19. SmartBargains' use of SEVEN as hereinabove alleged is likely to cause and, upon information and belief, has caused confusion, mistake, and deception as to the affiliation, connection, or association of SmartBargains with Plaintiff, and is further likely to cause and, upon information and belief, has caused confusion, mistake, and deception as to the origin, sponsorship, or approval of the jeans sold by SmartBargains as SEVEN jeans.

20. The intentional nature of the acts of SmartBargains as hereinabove alleged makes this an exceptional case under 15 U.S.C. § 1117(a).

21. Plaintiff has been and, in the absence of preliminary injunctive relief, will continue to be irreparably injured and damaged by SmartBargains's violations of section

43(a)(1)(A) of the Lanham Act, as hereinabove alleged. The public will be deceived into believing that the jeans offered for sale by SmartBargains as SEVEN jeans are manufactured by Plaintiff, and that SmartBargains is licensed by or otherwise affiliated, connected, or associated with Plaintiff.

22. SmartBargains's conduct has damaged Plaintiff and will, unless enjoined by the Court, impair the value of Plaintiff's SEVEN marks, its reputation, and its goodwill. Plaintiff has no adequate remedy at law.

## Count II

### False Advertising In Violation of 15 U.S.C. § 1125(a)(1)(B)

23. Plaintiff realleges and incorporates by reference the matters alleged in paragraphs 1 through 22 of this Complaint.

24. The goods sold by Plaintiff under its SEVEN marks are manufactured in the United States. Upon information and belief, the goods offered for sale and sold by SmartBargains as SEVEN jeans are manufactured in China.

25. The web site through which SmartBargains offers to sell and sells jeans constitutes a commercial advertisement or promotion within the meaning of section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Representations made on that web site are made in interstate commerce.

26. SmartBargains' use of SEVEN as hereinabove alleged constitutes the use in commercial advertising or promotion of a "word, term, . . . symbol . . . [or] false designation of origin. . . which . . . misrepresents the nature, characteristics, qualities or geographic origins of [its] goods . . ." in violation of section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

27. The hereinabove alleged misrepresentations by SmartBargains extend to the nature, characteristics, qualities and geographic origins of the goods that it offers for sale as SEVEN jeans. These misrepresentations have a tendency to deceive a substantial segment of SmartBargains' customers.

28. The hereinabove alleged misrepresentations by SmartBargains are material in that they are likely to influence consumers' purchasing decisions.

29. The intentional nature of the misrepresentations of SmartBargains as hereinabove alleged make this an exceptional case under 15 U.S.C. § 1117(a).

30. Plaintiff has been and, in the absence of preliminary injunctive relief, will continue to be irreparably injured and damaged by SmartBargains's violations of section 43(a)(1)(B) of the Lanham Act, as hereinabove alleged. The public will be deceived into believing that the jeans offered for sale by SmartBargains as SEVEN jeans are of the same nature, characteristics, qualities and geographic origin as jeans manufactured by Plaintiff.

31. SmartBargains's conduct has damaged Plaintiff. Plaintiff has no adequate remedy at law.

### Count III

### Unfair Competition In Violation of Massachusetts Common Law

32. Plaintiff realleges and incorporates by reference the matters alleged in paragraphs 1 through 31 of this Complaint.

33. SmartBargains is using false and deceptive promotion and advertising to pass off the jeans that it is offering for sale as jeans manufactured by Plaintiff, and is thus deceiving the public.

34. SmartBargains's false and misleading statements are likely to cause confusion as to the source of the jeans that it is offering for sale.

35. The acts of SmartBargains constitute unfair competition under Massachusetts common law.

36. Plaintiff has been and will continued to be damaged by SmartBargains' acts of unfair competition. The public will be deceived into believing that the jeans sold by SmartBargains are licensed by or otherwise affiliated, connected, or associated with Plaintiff.

37. SmartBargains' conduct has damaged Plaintiff and will, unless enjoined by the Court, impair the value of Plaintiff's SEVEN marks, its name, its reputation, and its goodwill. Plaintiff has no adequate remedy at law.

## Count IV

**Unfair And Deceptive Acts And Practices In Violation of Mass. Gen. Laws. ch. 93A §§ 2, 11**

38. Plaintiff realleges and incorporates by reference the matters alleged in paragraphs 1 through 37 of this Complaint.

39. Plaintiff and SmartBargains are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A §§ 1 and 11.

40. SmartBargains' acts, as hereinabove alleged, constitute unfair and deceptive acts and practices in the conduct of trade or commerce, in violation of Mass. Gen. Laws c. 93A §§ 2 and 11.

41. SmartBargains advertises and promotes the jeans that it offers for sale as SEVEN jeans in an attempt to confuse and deceive consumers into thinking they are purchasing authentic SEVEN jeans manufactured by Plaintiff.

42. SmartBargains' unfair and deceptive acts and practices occur primarily and substantially within the Commonwealth of Massachusetts.

43. SmartBargains' unfair and deceptive acts and practices constitute knowing and willful violations of Mass. Gen. Laws c. 93A §§ 2 and 11.

44. As a consequence of SmartBargains's unfair and deceptive acts and practices, Plaintiff has incurred damages in the form of loss of money and property, including but not limited to lost profits.

45. As a direct and proximate result of the foregoing knowing and willful unfair and deceptive acts and practices of SmartBargains, Plaintiff is entitled to treble damages in an amount to be determined, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Seven For All Mankind, LLC prays for relief as follows:

1. For a temporary restraining order and preliminary and permanent injunction enjoining SmartBargains and its subsidiaries and divisions, and their directors, officers, agents, distributors, servants, employees, parents, subsidiaries, assigns, and related companies, and those in active concert or participation with any of them from (a) referring to jeans offered for sale on Defendants' web site as SEVEN jeans; and (b) stating or suggesting that there is any affiliation between Plaintiff or Plaintiff's SEVEN jeans (or any designer or former designer of Plaintiff's jeans), on the one hand, and SmartBargains or any jeans that it offers for sale (other than jeans manufactured by Plaintiff), on the other hand, and requiring that SmartBargains post appropriate disclaimers and place appropriate corrective advertising (such as "CAUTION: Seven7 jeans are not affiliated in any way with Seven jeans or 7 For All Mankind jeans. Please do not be confused") in connection with any offer for sale of goods manufactured by SLC and sold under its "Seven7" putative mark;

2.  That the Court direct SmartBargains to file with this Court, within ten days after entry of the preliminary injunction in this action, a written statement, under oath, setting forth in detail the manner in which SmartBargains has complied with the injunction;

3.  That an accounting be directed to determine the profits of SmartBargains resulting from its acts of false designation of origin, unfair competition, and false advertising, and that Plaintiff Seven For All Mankind LLC be awarded such profits;

4.  That Plaintiff Seven For All Mankind, LLC recover its damages resulting from SmartBargains's acts of false designation of origin, unfair competition, and false advertising, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a) and Mass. Gen. Laws c. 93A § 11;

5.  That Plaintiff Seven For All Mankind, LLC recover its costs of this action;

6.  That Plaintiff Seven For All Mankind, LLC be awarded its reasonable attorneys' fees incurred as a result of this action pursuant to 15 U.S.C. § 1117(a) and Mass. Gen. Laws c. 93A § 11;

7.  That the Court award Plaintiff Seven For All Mankind, LLC prejudgment interest on any monetary award according to the maximum allowable legal rate; and

8.  That Plaintiff Seven For All Mankind, LLC recover any such other and further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

SEVEN FOR ALL MANKIND, LLC

By its attorneys,

Dated: June 6, 2005

Michael Arthur Walsh (BBO # 514875)
Kathleen Burdette Shields (BBO # 637438)
E. Page Wilkins (BBO # 654535)
CHOATE, HALL & STEWART, LLP
Exchange Place
53 State Street
Boston, MA 02110
Telephone: 617-248-5000
Facsimile: 617-248-4000

Of counsel:

IRELL & MANELLA LLP
Bruce A. Wessel
Jane Shay Wald
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: 310-277-1010
Facsimile: 310-203-7199

19 of 138 DOCUMENTS

Copyright 2002 Factiva, a Dow Jones and Reuters Company
All Rights Reserved

(Copyright (c) 2002, Dow Jones & Company, Inc.)
The Wall Street Journal

April 3, 2002 Wednesday

SECTION: Pg. B1

LENGTH: 1195 words

HEADLINE: Denim's Lucky `Seven' --- How $100-Plus Jeans Became A Must-Have Fashion Fad; Fixing 'The Gap' Problem

BYLINE: By Teri Agins, Staff Reporter of The Wall Street Journal

BODY:

ON A RECENT EPISODE of "Will and Grace," a racy love scene between actors Debra Messing and Matt Damon also happened to constitute a fashion moment. The closeup of Ms. Messing's jeans revealed squiggly stitching across the back pockets -- the logo of Seven jeans, the hottest upscale denims on the market and among the priciest at more than $100 a pair.

This wasn't an intentional "product placement" paid for by the apparel company. In fact, the makers of Seven jeans don't advertise at all. Many people have never heard of their brand, which has been on the market for about 18 months. But trendy boutiques can't keep them in stock because fashionistas -- and increasingly mainstream wannabes -- often buy several pairs at a time.

The scarcity is part of a subtle marketing approach. In order to corral influential supermodels, fashion editors and stylists who dress celebrities, Seven eschews most department stores and instead targets the exclusive boutiques where they shop, including New York's Scoop, Barneys New York and Fred Segal in Los Angeles. This has helped the brand capture a multitude of editorial mentions in magazines such as Lucky, Allure, Elle, and Rolling Stone, all of which stirs buzz. Two young actresses are wearing Seven jeans on the cover of Vanity Fair's March Hollywood issue.

But what Seven is really selling is fit. Seven jeans have become the star in a new niche of expensive denims, popular for several years now, that are tight-fitting and low-slung: Think Britney Spears. They emphasize a shift in consumer preference to celebrate a more curvacious derriere, a look often compared to that of actress Jennifer Lopez (who introduced her own J.Lo by Jennifer Lopez jeans collection last December).

Shopper Tina Dendy, for example, says her backside is so flat that it could have been sliced off by those sharp knives sold on late-night television. "I've never had jeans that got rid of my Ginsu butt!" she says. "But Seven jeans gave me a curvy butt for the first time," says Ms. Dendy, a 30-year-old San Diegan who works in automobile sales for Lexus. "They're expensive but worth it, because the fit is just so amazing."

"Seven for all Mankind" jeans -- simply known as Seven -- are manufactured by L-Koral Inc. just on the edge of the Los Angeles garment district. The brand racked up $3 million in wholesale sales in its first nine months of business -- which began in September 2000. During the next three months, it shipped $9 million. And now, Seven expects to do between $50 million and $70 million in 2002.

The jeans are the brainchild of three experienced jeansmakers in Los Angeles, who knew that it took more than a Calvin Klein-size advertising campaign (which they couldn't afford anyway) to sell women on jeans that retail for as

much as $140, for the most expensive stretch demin model. First and foremost was to design "a fit that was more versatile than any of the ones out there," says Michael Glasser, one of the partners.

Like the other fashionable jeans on the market, Seven jeans come in 11-ounce or 14-ounce denim, with or without stretch, and in more than a dozen finishes (styles with names such as "New York," "Milan" and "Alamo") distinguished by their subtle, distressed shadings, including the whisker-like fading across the legs or a bleached crease line down the front.

But the real secret is a universal cut that fits a cross-section of baby boomers as well as string-bean models. So in keeping with the mystical ways of fashion, some of Seven's attractions are based on actual design, others are in the eye of the beholder. Some women think they look curvier in Seven jeans because the pockets fall higher on the buttocks, optically enhancing their behinds. Others think it's because the pockets are lower. Reality: they're both, depending on the model of jeans. But Mr. Glasser says pocket placement is just one of the tweaks that Seven uses. Another has to do with a "hook in the pattern of the crotch," sewn at an angle that "lifts up the butt," Mr. Glasser says.

Just as important is getting a sleek stance in low-rise jeans, without the dreaded "gap" -- the fabric that balloons out at the back of the waistline when a woman sits down, exposing a little too much. Getting rid of the gap is harder on women's jeans because women's figures are more hourglass-shaped than men's; some fashionistas even have their jeans altered to squeeze the gap. Fans say Seven stretch jeans in particular are gap-free on most body types. Jerome Dahan, Seven's designer, "spent lot of time massaging the fit," says Mr. Glasser. "This is not just luck."

For the Seven customer, the jeans are all about how the backside looks, says Robert Lamey, owner of Bop, a high-end boutique that caters to a college crowd in Madison, Wis. These women, as in any era when designer jeans were in vogue, are starting to wear jeans when they go out, to clubs and nice restaurants, says Mr. Lamey. "They want their jeans to turn heads."

Seven's timing was fortunate. After the designer jeans craze of the 1980s, jeans receded to casual wear during the 1990s. But a few years ago they started swinging back into high fashion, when brands like Earl, Diesel and even Levi's came out with jeans priced over $100. Versace and other high-end designers have always sold upscale jeans for $250 and more, but these new brands are aimed at ordinary folks who used to wear Gap or Lee. Retailers including Neiman Marcus and Barneys, which hadn't focused on jeans for years, began stocking up again. Joining those styles were others such as Juicy, Miss Sixty, Paper Denim and Cloth and Joe's Jeans -- brands that are sold only in boutiques and not advertised. That's why Bop, the Wisconsin boutique, carries all those brands. "We used to think that we needed another $50 jean," says Mr. Lamey. "But now we're selling more jeans at $100 and over, than under."

Meantime, the "jeans bar" at each of Barneys New York's seven stores bustles on any given Saturday with women searching for Seven jeans. The chain sold more than 13,000 pairs of Seven jeans between July and January to women like Cortney Silverman, a 26-year-old publicist who now has six pairs, which she wears with high heels and sexy tops. Her Seven jeans now "take the place of my black pants," she says.

Seven also uses a time-honored high-fashion technique: it limits production so that some shoppers have to wait months before they can actually purchase. "Part of the mystique is that the rate of sale is greater than what we can produce," Mr. Glasser says, adding that the contractors Seven uses can only turn out 100,000 pairs a month. Seven now has about 300 retail accounts in the U.S. as well as stores in Japan, Canada and London. And keen not to flood the market, Mr. Glasser says the company turns down orders. "We aren't taking any new customers, we aren't looking to put Sevens into any more stores," he says.

But given the ephemeral nature of fashion, where brands go in and out of style in a hurry, Seven is also trying to figure out what's up next. It has added a few tops to its collection and this fall will introduce men's jeans. And it's already betting on a "new" jean: corduroys.

**NOTES:**
PUBLISHER: Dow Jones & Company

**LOAD-DATE:** December 5, 2004

SmartBargains: Save on Seven at smartbargains.com  Page 1 of 2

 

Home | Your
No items in

| Bedding & Bath | Electronics | Home Furnishings | Jewelry & Watches | Kitchen & Dining | Men's Apparel | Shoes | Toys | Women's Accessories | Wom App |

Enjoy No Payments For 90 D
on purchases over $100: Click for Details

Search: All Bargains    for:    [Find]

# Search **Results**

We found 3 matches for your search: 'seven'

**Refine by:**    Home > 'seven'                                             Sorted by |

**Type**
- Denim
- Tops

**Size**
- X-Small
- Small
- Medium
- Large
- 2

**Style**
- Casual
- Contemporary

**Color**
- Blue
- Green
- Orange

Only 1 Left!

**Seven Juniors Tie Dyed Rhinestone Logo T-Shirt**
Retail Value: $38.00
Our Price: $19.99
Save 47%

**Seven Juniors Blue Rigid Bootcut Jeans**
Retail Value: $78.00
Our Price: $39.99
Save 48%

**Seven Juniors "Rigid Flare" Dark Blue Jeans**
Retail Value: $78.00
Our Price: $39.99
Save 48%
1 In Stock

Search powered by: EasyAsk

Father's Day Great Gifts. Incredible Prices — FATHER'S DAY IS JUNE 19TH

| **Customer Service** | **Our Promise** | **Company Info** | Get The Bargain Ale |
|---|---|---|---|
| Your Account | New Arrivals | Our Management | Our weekly newsletter offers: |
| Your Order | Bargain Bin | Become an Affiliate | · First look at new bargains |
| Returns | Last Chance | Privacy Policy | · 24-Hour Secret Sales |
| Shipping | | Terms & Conditions | · Special promotions |
| Contact Us | | | Enter your email address |

Homepage | Art & Prints | Bedding & Bath | Electronics | Home Furnishings | Home Improvement | Jewelry & Watches | Kids & Baby
Kitchen & Dining | Luggage | Men's Apparel | Patio & Garden | Shoes | Toys & More | Women's Accessories | Women's Apparel · Store Directs

http://www.smartbargains.com/search.aspx?deptid=0&k=seven&an=&av=&s=&x=27&y=12    6/1/05

  

© 2000-2005 SmartBargains.com, LP. All Rights Reserved. SMARTBARGAINS and SMARTBARGAINS.COM are registered service marks of SmartBargains.com, LP. THE BARGAIN ALERT and all other marks and design elements contained herein are service marks of SmartBargains.com, LP. SmartBargains.com, LP is a wholly owned subsidiary of SmartBargains, Inc.

SmartBargains stands behind every "Loehmann's@SmartBargains" product with our same Satisfaction Guarantee and No-Hassle Return Policy. Please note, SmartBargains (rather than Loehmann's) is the seller/retailer of all items offered on SmartBargains.com. All "Loehmann's@SmartBargains" merchandise purchased at SmartBargains.com may only be returned to SmartBargains in accordance with our return policy. It cannot be returned to Loehmann's store locations.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Seven For All Mankind, LLC v. SmartBargains, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael Arthur Walsh__
ADDRESS __Choate, Hall & Stewart LLP, Exchange Pl., 53 State St., Boston, MA 02109__
TELEPHONE NO. __(617) 248-5000__

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEVEN FOR ALL MANKIND, LLC

**DEFENDANTS**
SMARTBARGAINS, INC. and
SMARTBARGAINS.COM, LP

(b) County of Residence of First Listed Plaintiff: Los Angeles Cnty.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael Arthur Walsh, Esq.
CHOATE, HALL & STEWART LLP
Exchange Place, 53 State Street
Boston, MA 02109 (617) 248-5000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1125
Brief description of cause:
False Designation of Origin

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 6/6/2005
SIGNATURE OF ATTORNEY OF RECORD /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____